1

2

3  **ALAN GERACI**
   817 W. San Marcos Blvd.
4  San Marcos, California 92078
   Telephone: 619-231-3131
5  Email: alan@carelaw.net

6  *Plaintiff, Pro Se*

7              **UNITED STATES DISTRICT COURT**

8           **SOUTHERN DISTRICT OF CALIFORNIA**

9                 **SAN DIEGO DIVISION**

10

11 **ALAN GERACI**, an individual,          )   Case No.: **'26 CV 0689 BJC  SBC**
                                            )
12          PLAINTIFF,                       )   **COMPLAINT FOR:**
                                            )   (a) Conversion;
13             v.                            )   (b) Money Had and Received;
                                            )   (c) Unjust Enrichment/Quasi-
14 **SWYFT, INC.**, a Delaware corporation;  )        Contract;
   **MATTHEW E. DREDGE**, an individual; and )   (d) Constructive Trust;
15 **DOES 1 through 50**, inclusive,         )   (e) Fraud
                                            )
16          DEFENDANTS.                      )   **[DEMAND FOR JURY TRIAL]**

17         **Plaintiff ALAN GERACI hereby alleges:**

18

19        **INTRODUCTION AND NATURE OF THE ACTION**

20  1.  This is a civil action seeking damages and equitable relief arising from a cryptocurrency

21      investment fraud in which Plaintiff was wrongfully deprived of approximately 54.76

22      Bitcoin ("BTC"), valued at approximately $2,705,702 at the time of transfer, plus an

23      additional $190,000 in initial investments—a total loss of approximately $2,895,702.

24  2.  The value of Bitcoin — a cryptocurrency classified as property by the Internal Revenue

25      Service — has fluctuated significantly since the time of transfer. At current market

26      prices, Plaintiff's stolen cryptocurrency would be valued at approximately $5.5 million.

27

28
   _____

3. Following an investigation by the Federal Bureau of Investigation ("FBI"), Plaintiff is informed and believes that his stolen cryptocurrency was traced to accounts held by or for Defendant Swyft, Inc. Plaintiff is further informed and believes that despite repeated FBI attempts to engage Swyft regarding return of the funds, Swyft has refused to respond or cooperate, and continues to retain Plaintiff's stolen cryptocurrency.

4. Plaintiff asserts claims for conversion, money had and received, unjust enrichment, imposition of a constructive trust, and fraud against Defendants, seeking return of his stolen cryptocurrency or its highest intermediate value, compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

## **PARTIES**

5. Plaintiff ALAN GERACI is an individual and citizen of the State of California, residing in San Marcos, San Diego County, California.

6. Defendant SWYFT, INC. is a Delaware corporation (File No. 5397459), with its principal place of business at 166 Geary Street, 15th Floor #1623, San Francisco, California 94108. Swyft operates a technology and retail business at the domain swyft.com and is registered to transact business in California as a foreign corporation (Entity No. 3682594). On information and belief, Swyft employs approximately 51-200 employees and operates automated retail stores in airports, malls, hotels, and convention centers.

7. On information and belief, Defendant MATTHEW E. DREDGE is an individual and citizen of the State of California, residing in Marin County, California. On information and belief, Dredge is the Chief Executive Officer of Swyft, Inc.

8. Defendants DOES 1 through 50 are individuals, corporations, partnerships, or other entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of said

Complaint

DOE Defendants when ascertained. DOE Defendants include, without limitation, the individuals who operated the fraudulent cryptocurrency platform at bevcmubdr.top and who used the alias Kristen Sanchez or Kristy Sanchez to defraud Plaintiff. On information and belief, at least some DOE Defendants are citizens of foreign countries.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to the federal diversity jurisdiction statute because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states and/or countries. See 28 U.S.C. § 1332.

10. Venue is proper in the Southern District of California because a substantial part of the events or omissions giving rise to the claims occurred in this District, including in San Marcos, San Diego County, California, where Plaintiff resides and where he was targeted, communicated with, and directed to transfer Bitcoin and funds, and where he suffered injury. See 28 U.S.C. § 1391(b)(2). Venue is also proper as to any defendant that is subject to this Court's personal jurisdiction for this action. See 28 U.S.C. § 1391(b)(3), (c).

11. This Court has personal jurisdiction over Defendant Swyft because Swyft is registered to do business in California and maintains its principal place of business in California. This Court has personal jurisdiction over Defendant Dredge because Dredge is a California resident. Each Defendant purposefully availed themselves of and directed activities toward California, and the claims arise out of or relate to those activities.

## FACTUAL ALLEGATIONS

### A. The Fraud Scheme

12. Beginning in approximately November 2023, Plaintiff was contacted via LinkedIn by an individual using the alias Kristen Shant Sanchez (also known as Kristy Sanchez), who falsely represented herself to be a securities professional employed by Goldman Sachs for 16 years.

Complaint

13. Through communications, polished materials, and the presentation of fabricated investment gains, the fraudster gained Plaintiff's trust and induced him to invest in what was represented to be a Bitcoin futures trading platform operated under the name Bevcom at the domain bevcmubdr.top (the "Fraudulent Platform").

14. Between approximately December 2023 and April 2024, Plaintiff transferred approximately 54.76 Bitcoin (BTC), valued at approximately $2,705,702 at the time of transfer, plus an additional initial investment of approximately $190,000, to the Fraudulent Platform, for a combined value of approximately $2.9 million at the time of transfer.

15. When Plaintiff attempted to withdraw his Bitcoin and funds, the operators demanded payment of various fees characterized as greening fees, administrative fees, and mining fees. These purported fees were fraudulent. Plaintiff never received any return of his invested Bitcoin and funds.

### B. FBI Investigation and Tracing to Swyft

16. In 2024, Plaintiff reported the fraud to the FBI, SEC, FTC, and CFTC.

17. On information and belief, the Fraudulent Platform was subsequently shut down following a CFTC investigation initiated by Plaintiff's reporting to authorities.

18. Further, the FBI conducted a criminal investigation and blockchain analysis to trace Plaintiff's stolen cryptocurrency.

19. On information and belief, the FBI traced Plaintiff's Bitcoin through the cryptocurrency exchange Binance and determined that the accounts at Binance were being held for Swyft.com (i.e., Defendant Swyft, Inc.).

20. The FBI informed Plaintiff that, after receiving his complaint, it conducted tracing analysis of his Bitcoin and determined that the cryptocurrency had been transferred to Binance accounts held for Swyft.com. The FBI further advised Plaintiff that its attempts to engage Swyft were unsuccessful.

Complaint

21. On information and belief, despite the FBI's attempts to contact Swyft regarding the stolen Bitcoin, Swyft has refused or failed to respond to the FBI and has refused to return Plaintiff's stolen crytocurrency.

22. A professional forensic investigation conducted by CNC Intelligence Inc. in August 2025 traced 54.7585 BTC through nine separate blockchain traces to cryptocurrency exchanges including Binance, Bybit, and Chainup/GCB. On information and belief, this investigation confirmed the FBI's findings.

### C. Swyft's Receipt and Retention of Stolen Cryptocurrency and Funds

23. On information and belief, Defendant Swyft received Plaintiff's stolen cryptocurrency through accounts held at Binance and/or other cryptocurrency exchanges.

24. On information and belief, Swyft has retained Plaintiff's stolen digital assets or the traceable proceeds and has refused to return them despite being contacted by the FBI regarding their criminal origin.

25. On information and belief, Defendant Dredge, as CEO of Swyft, had and has the authority to respond to FBI inquiries and to return Plaintiff's stolen Bitcoin and/or the traceable proceeds.

26. Swyft's refusal to cooperate with the FBI and its continued retention of Plaintiff's stolen Bitcoin and funds constitutes wrongful dominion over Plaintiff's property and unjust enrichment.

### FIRST CAUSE OF ACTION

**Conversion**

(Against All Defendants)

27. Plaintiff realleges and incorporates by reference the preceding paragraphs.

28. Plaintiff owned and had the right to possess the Bitcoin and funds described above.

29. Defendants, and each of them, wrongfully exercised dominion and control over Plaintiff's property by receiving, retaining, and refusing to return the stolen Bitcoin after notice of their illicit origin, substantially interfering with Plaintiff's rights.

30. As a direct and proximate result, Plaintiff has suffered damages in an amount to be proven at trial, including recovery of the Bitcoin or its highest intermediate value, plus prejudgment interest.

31. Plaintiff seeks return of the 54.76 BTC or, if return is impossible, damages measured at the highest market value of said Bitcoin within a reasonable time after Plaintiff discovered the conversion.

32. Defendants' conduct was willful, malicious, and oppressive, entitling Plaintiff to punitive damages under Cal. Civ. Code § 3294.

### SECOND CAUSE OF ACTION

#### Money Had and Received

(Against All Defendants)

33. Plaintiff realleges and incorporates by reference the preceding paragraphs.

34. Defendants, and each of them, received money (including cryptocurrency) that in equity and good conscience belongs to Plaintiff.

35. Defendants are indebted to Plaintiff in the amount of the funds received, for money had and received for Plaintiff's use and benefit, in an amount to be proven at trial, including recovery of the Bitcoin or its highest intermediate value, plus prejudgment interest.

### THIRD CAUSE OF ACTION

#### Unjust Enrichment / Quasi-Contract (Restitution)

(Against All Defendants)

36. Plaintiff realleges and incorporates by reference the preceding paragraphs.

37. By retaining the stolen cryptocurrency and any proceeds or profits therefrom, Defendants have been unjustly enriched at Plaintiff's expense.

38. It would be unjust for Defendants to retain the benefit conferred; equity requires restitution and/or disgorgement in an amount to be determined at trial, including recovery of the Bitcoin or its highest intermediate value.

Complaint

## FOURTH CAUSE OF ACTION

### Constructive Trust

(Against All Defendants)

39. Plaintiff realleges and incorporates by reference the preceding paragraphs.

40. Defendants hold legal title and/or possession to specific, identifiable property—namely Plaintiff's Bitcoin and traceable proceeds-to which Plaintiff has a superior equitable right.

41. By reason of Defendants' wrongful conduct, equity requires the imposition of a constructive trust over the stolen Bitcoin and all traceable proceeds, with an order that Defendants transfer such property to Plaintiff.

## FIFTH CAUSE OF ACTION

### Fraud

(Intentional Misrepresentation; Fraudulent Concealment; Aiding and Abetting)

(Against All Defendants)

42. Plaintiff realleges and incorporates by reference the preceding paragraphs.

43. DOE Defendants, including the individual(s) operating under the alias "Kristen Sanchez" (also known as "Christy Sanchez"), knowingly made false representations of material fact-including claiming to be a long-time Goldman Sachs securities professional and representing that the Bevcom Bitcoin futures trading platform was legitimate-to induce Plaintiff to transfer funds and Bitcoin to the Fraudulent Platform. Plaintiff reasonably relied on these representations and suffered damages thereby.

44. DOE Defendants further concealed material facts, including that the platform was fraudulent, that withdrawals would be denied, Plaintiff would encounter sham "fees," and that the funds would be misappropriated, with the intent to defraud Plaintiff.

45. On information and belief, Swyft and Dredge, with actual knowledge of, or deliberate disregard for, a high probability of the illicit origin of Plaintiff's funds and Bitcoin, including, by virtue of notice from the FBI and other law enforcement, concealed and/or failed to disclose material facts and continued to retain and exercise control over

Complaint

Plaintiff's property, intending that Plaintiff and law enforcement rely on that silence to Plaintiff's detriment.

46. Alternatively, Swyft and Dredge knowingly provided substantial assistance to the underlying fraud by retaining and refusing to return the stolen Bitcoin and funds after receiving notice, thereby aiding and abetting the fraudulent scheme.

47. As a direct and proximate result of Defendants' fraudulent conduct, omissions, and/or aiding and abetting, Plaintiff suffered damages in an amount to be proven at trial, including recovery of the Bitcoin or its highest intermediate value, plus prejudgment interest.

48. Defendants acted with malice, oppression, and fraud. Plaintiff seeks punitive and exemplary damages pursuant to Cal. Civ. Code § 3294.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, jointly and severally, as follows:

(a) For the return of the 54.76 BTC; or,

(b) If return is impossible, compensatory damages measured at the value of the property at the time of conversion with interest, pursuant to Cal. Civ. Code § 3336, or alternatively, pursuant to the common law rule applicable to conversion of property with fluctuating value, the highest market value within a reasonable time after Plaintiff discovered the conversion.

(c) For restitution and/or disgorgement of all amounts by which Defendants were unjustly enriched, including all traceable proceeds;

(d) For the imposition of a constructive trust over Plaintiff's cryptocurrency and all traceable proceeds in Defendants' possession, custody, or control;

(e) For an order requiring Defendants to provide a full and complete accounting and to transfer and/or return all stolen Bitcoin and funds and traceable proceeds to Plaintiff;

(f) For prejudgment and postjudgment interest at the maximum rates permitted by law;

(g) For punitive and exemplary damages as permitted by law, including under Cal. Civ. Code § 3294;

Complaint

(h) For costs of suit; and

(i)  For such other and further legal or equitable relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 4, 2026

Respectfully submitted,

*Alan Geraci*

**ALAN GERACI**

Plaintiff, *Pro Se*

Complaint